## 25783. LAW v. THE STATE.

PER CURIAM. On further consideration of the record in the present case this court has reached the conclusion that the application for the writ of certiorari was improvidently granted, and accordingly the case is

*Dismissed. All the Justices concur, except Almand, C. J., and Felton, J., who dissent.*

ARGUED JUNE 9, 1970—DECIDED JULY 15, 1970.

*George G. Finch,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joel M. Feldman, Tony H. Hight, J. Melvin England,* for appellee.

FELTON, Justice, dissenting. This court granted the writ of certiorari in this case, after what I considered to be a thorough enough study to warrant the grant of the writ. The task of preparing the court's opinion fell to me (after the petitioner had prepared his briefs and after the record had been prepared and sent to this court under the new rule). Upon presentation of the opinion to the court for consideration, a motion passed to dismiss the writ of certiorari as having been improvidently granted, which was done without opinion or explanation. It seems to me that after this court grants a petition for certiorari it should pass on the questions involved or give the reasons why the writ is dismissed, which would not include the question whether the judgment reviewed is right or wrong, because that would be a judgment on the merits and that would be inconsistent with an improvident grant of the writ.

I dissent from the dismissal of the writ. There are two questions raised which are vital enough to be decided. 1. In the petitioner's notice of appeal he asked that nothing be omitted

from the record. Since that is true, the burden of having the motorcycle in question brought up was on the Court of Appeals and not on appellant because appellant had no legal machinery by which he could have compelled the Court of Appeals to order the motorcycle sent up as a part of the record. As I understand the evidence, there is none which would authorize a jury to find that the motorcycle introduced in evidence was the one described in the indictment as a "Honda 300 Scrambler." "Honda 305 Scrambler" appeared on the vehicle and "Honda 300" appeared on an interchangeable (for the year model) gasoline tank, but nowhere did anyone testify that "Honda 300 *Scrambler*" appeared on the vehicle. If "Honda 300 Scrambler" appears on the vehicle a reviewing court cannot say so because it did not order the vehicle sent up and there is no evidence to the effect that "Honda 300 Scrambler" appears on it. It necessarily follows that the Court of Appeals could not presume that "Honda 300 Scrambler" actually appeared on the vehicle. The duty was on the State to show the guilt of the defendant without a consideration of what the motorcycle had on it in the absence of a picture or testimony showing what the vehicle actually had on it (since the vehicle is not in the appeal record.) The misstatement of the Court of Appeals as to what the evidence showed and the erroneous presumption in which it indulged are two most harmful errors which demand that the Court of Appeals judgment be reversed.